## DeWAYNE HAGEN v. STATE CIVIL SERVICE BOARD.

164 N. W. (2d) 629.

January 24, 1969—No. 41132.

*Robins, Davis & Lyons* and *Stanford Robins,* for appellant.

*Douglas M. Head*, Attorney General, *Richard H. Kyle*, Solicitor General, *Eric B. Schultz*, Assistant Attorney General, and *Bruce W. Okney*, Special Assistant Attorney General, for respondent.

MURPHY, JUSTICE.

In December 1966, appellant was dismissed from his position with the Anoka State Hospital after he had been found sleeping while on duty. After a hearing, the State Civil Service Board sustained his dismissal but ordered that he be placed on the reemployment list with a lower classification. The decision of the board was affirmed by the district court. The error asserted on appeal is essentially based upon the claim that the board's determination is not supported by substantial evidence.

From the record it appears that at the time of his dismissal appellant was classified as a Psychiatric Technician II (TB) in the Recalcitrant Unit of the Anoka State Hospital. The patients in the ward in which appellant worked were largely TB victims who refused to submit to treatment. The ward was classified as a maximum security ward. In nonsecurity wards only one attendant was on duty whereas in this ward two attendants were on duty at all times and rounds were made every half hour. Appellant's duties included supervision of the ward, preparation of reports, counting of drugs and narcotics, and requisitioning of supplies. Although appellant had been suspended on two previous occasions for sleeping while on duty, he had been promoted twice since his employment began in 1953 and had received regular merit raises during his tenure.

His supervisor testified that, at about 5 a. m. on November 24, 1966, accompanied by another orderly, she visited the area where the employee was on duty. Her arrival was announced over the public address system, and as she entered the ward, she heard snoring and found appellant asleep in a lounge chair in the dimly lit television room. The supervisor testified:

"Well, I came up to him on the side of him with my flashlight in my hand, and he jumped up very startled, and just dozing and kind of a glare at Mrs. Russell who was standing behind me."

She testified that she felt appellant was sleeping rather than just resting. The orderly was not in the television room when the supervisor entered

so was unable to say whether appellant was sleeping. Appellant insisted that he was awake at all times.

■ The criteria for dismissal of an employee are set forth in Minn. St. 43.24 and the Civil Service Rules promulgated pursuant thereto.[1] It is to be noted that Civil Service Rule 12.2, par. 2, places the burden of proving the reasonableness of disciplinary action upon the appointing authority, and Minn. St. 43.24, subd. 1, requires that disciplinary action may be taken only for "just cause." The latter term was discussed in State ex rel. Hart v. Common Council, 53 Minn. 238, 244, 55 N. W. 118, 120, where it was said:

---

[1] Minn. St. 43.24, subd. 1, so far as here relevant, provides: "No permanent employee in the classified service, under the provisions of this chapter or the rules made pursuant thereto, shall be removed, discharged, suspended without pay for more than 30 days, or reduced in pay or position, except for just cause, which shall not be religious or political."

Subd. 2 provides in pertinent part: "* * * [I]f the board finds that there was no reasonable ground for institution of dismissal proceedings, the employee shall be reinstated to his position, or an equal position in another department or division, without loss of pay."

Consistent with the provisions of § 43.24, Civil Service Rule 10.6, par. 2, provides in part: "No employee who has permanent civil service status shall be dismissed from his position except for just cause."

Civil Service Rule 12.2, par. 2, provides in part: "In hearings held under the provisions of Minnesota Statutes, 43.24, Subd. 2, at the request of the employee against whom disciplinary action has been taken, the burden of proving the reasonableness thereof shall be upon the appointing authority initiating such disciplinary action."

Minn. St. 15.0425 provides in pertinent part: "In any proceedings for judicial review by any court of decisions of any agency as defined in Minnesota Statutes, Section 15.0411, Subdivision 2 (including those agencies excluded from the definition of agency in section 15.0411, subdivision 2) the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

\* \* \* \* \*

"(e) Unsupported by substantial evidence in view of the entire record as submitted."

"* * * 'Cause,' or 'sufficient cause,' means 'legal cause,' and not any cause which the council may think sufficient. The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The cause must be one touching the qualifications of the officer or his performance of its duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal. In the absence of any statutory specification the sufficiency of the cause should be determined with reference to the character of the office, and the qualifications necessary to fill it."

Under this definition it appears that the cause or reason for dismissal must relate to the manner in which the employee performs his duties, and the evidence showing the existence of reasons for dismissal must be substantial. In this case these requirements are met.

A good part of appellant's brief is directed to the argument that there was no substantial evidence to establish that appellant had neglected his duty by sleeping. Appellant points to the testimony of the supervisor and attaches significance to the use of the word "felt," rather than to what could be termed a positive statement relating to whether she knew appellant was actually sleeping. It seems to us that an examination of her testimony fairly establishes that, from the state in which she found appellant, his condition could reasonably be described as that of being asleep. We must consider this particular evidence in light of the well-established rule that on review this court must consider the testimony in the light most favorable to the party who prevailed below. Otter Tail Power Co. v. MacKichan, 270 Minn. 262, 133 N. W. (2d) 511. The question for us to consider is whether, on the basis of the record, the board could reasonably reach the conclusion it did. The effect of an administrative agency's holding was described in State ex rel. Jenson v. Civil Service Comm. 268 Minn. 536, 538, 130 N. W. (2d) 143, 146, certiorari denied, 380 U. S. 943, 85 S. Ct. 1023, 13 L. ed. (2d) 962:

"* * * Where proceedings before the administrative agency vested

with final authority are instituted upon a notice which reasonably details the facts claimed to constitute misconduct so that the employee is given fair opportunity to prepare and defend; where the charges made are of a substantial nature directed at the malfeasance or nonfeasance of duties assigned to the employee and which specially relate to and affect the rights and interests of the public; and where the employee is afforded a fair hearing, the findings upon which a discharge is based are to be accepted by the court unless they are unsupported by substantial evidence on the record considered as a whole."

The issue of whether there was just cause for the disciplinary action taken by the board was one of fact, and since it has been passed upon by both the administrative board and the district court on appeal, we are not warranted in disturbing their findings.

■ Appellant asserts error was committed in the introduction of evidence relating to previous disciplinary actions imposed for the same lapse in the performance of his duties. Appellant contends that this evidence was not relevant and was wholly prejudicial. In this connection, it should be observed that Minn. St. 43.07, subd. 4, provides:

"The board and the director, in conducting hearings and investigations in accordance with the provisions of this chapter, shall not be bound by the technical rules of evidence."

In Morey v. School Board of Ind. School Dist. No. 492, 271 Minn. 445, 448, 136 N. W. (2d) 105, 107, we said:

"* * * It is true that an administrative body acting quasi-judicially is not bound by strict procedural rules which circumscribe the action of a court, and that incompetent evidence is not fatal to its determination."

In any event, it seems to us that the testimony with reference to similar lapses by appellant was relevant as bearing upon his competence and efficiency in performing the duties imposed by his employment. Hughes v. Department of Public Safety, 200 Minn. 16, 273 N. W. 618; State ex rel. Rockwell v. State Board of Education, 213 Minn. 184, 6 N. W. (2d) 251, 143 A. L. R. 503.

Affirmed.