# MILTON S. ROSEN v. MINNESOTA CIVIL SERVICE BOARD.

204 N. W. 2d 196.

January 26, 1973—No. 43455.

*Wangensteen & Perry* and *Stewart R. Perry,* for appellant.

*Warren Spannaus,* Attorney General, *Curtis Forslund,* Solicitor General, and *Theodore N. May,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Murphy, JJ.

MACLAUGHLIN, JUSTICE.

This is an appeal from a judgment of the district court affirming an order of the Minnesota Civil Service Board. The board's order had sustained a dismissal of appellant, Milton S. Rosen, as an employee of Rochester State Junior College. Appellant contends (1) that the evidence was insufficient to support the findings made by the Civil Service Board, and (2) that he was denied procedural due process.

The findings upon which a discharge is based are to be accepted by this court unless they are unsupported by substantial evidence on the record considered as a whole. State ex rel. McCarthy v. Civil Service Comm. 277 Minn. 358, 152 N. W. 2d 462 (1967) ; State ex rel. Jenson v. Civil Service Comm. 268

Minn. 536, 130 N. W. 2d 143 (1964), certiorari denied, 380 U.S. 943, 85 S. Ct. 1023, 13 L. ed. 2d 962 (1965). In our review, we must consider the evidence in the light most favorable to the prevailing party. Hagen v. Civil Service Board, 282 Minn. 296, 164 N. W. 2d 629 (1969). We have carefully examined the record and agree with the trial court that substantial evidence was adduced at the hearing before the Civil Service Board to sustain at least four of the charges against appellant. Therefore, the evidence was sufficient to support the findings.

We have considered the arguments in support of the allegation that appellant was deprived of due process of law in the procedures followed in his dismissal. None of them is sufficient to compel a reversal of the trial court. The most troublesome contention is that the Civil Service Board failed to specify in its findings which of the charges against appellant were substantiated by the evidence. The Civil Service Board stated as follows in the memorandum accompanying its findings:

"* * * [I]t is the considered conclusion of the Board that those charges as to which oral testimony was presented were fully substantiated and of themselves more than sufficient to justify the employee's dismissal."

The findings themselves did not state which of the several charges were substantiated by the testimony.

Upon a review of the evidence, it is clear to us, as it was to the trial court, which charges were substantiated by the evidence. Therefore, the usual objection that the reviewing court did not have knowledge of the specific charges on which the board based its decision is not present in this case. Nonetheless, we feel compelled to state once again, as we have in previous opinions, that the findings should set out the specific charge or charges upon which the decision of the board is based, together with the basic facts supporting those charges.

Affirmed.