**In the Matter of the Discipline of George B. SETCHELL, Deputy Sheriff, Anoka County, Minnesota.**

No. 47535.

Supreme Court of Minnesota.

Dec. 16, 1977.

Rehearing Denied Jan. 10, 1978.

Thomson, Wylde, Nordby & Friedberg, Douglas W. Thomson, and Jack S. Nordby, St. Paul, for appellant.

Robert W. Johnson, County Atty., Edwin M. Wistrand, Asst. County Atty., Anoka, for respondent.

PER CURIAM.

This is an appeal from an order of the district court affirming a decision of the Anoka County Sheriff's Civil Service Commission removing Deputy Sheriff George B. Setchell from the service register. Appellant's assertion of error based upon the claim that the determination that he is guilty of willful misconduct is not supported by substantial evidence. We affirm.

At the time of his dismissal, appellant served Anoka County as a deputy sheriff under specific assignment to the crime lab. The charges filed against him stem from various alleged incidents in connection with the performance of his duties, however, at the hearing before the commission evidence of only two of the alleged incidents was presented. Included in the first charge was the allegation that on June 3, 1974, Setchell delivered certain film to Brown Photo for processing which contained photographs taken during the investigation of a murder-suicide occurring in Anoka County in August 1973. The commission found that, since the investigation had been completed in the fall of 1973, nearly 10 months before appellant delivered the film for processing, the photographs were processed without authorization and in furtherance of no police purpose.

The second charge contained an allegation concerning appellant's failure to employ standard procedures and to obey his supervisor's direct orders in connection with the chemical testing of suspected narcotics evidence seized during the execution of a search warrant on May 23, 1974. Setchell had been specifically directed to transport the evidence to the Bureau of Criminal Apprehension. Although he had failed to do so, he nevertheless made several affirm-

ative answers to his superior when asked if the order had been executed.

The commission found that appellant had disobeyed a direct order of a superior officer by failing to transport the suspected evidence and that he made false representations of having done so. It noted that, as the position of crime lab deputy requires the highest standards of integrity and as the timely performance of duties is crucial, appellant's willful actions mandated a statutory finding of misconduct and a resultant discharge from employment. Minn.St. 387.-41. The commission ordered that appellant's name be stricken from the service register and that he be discharged, effective July 27, 1974.

In affirming the commission's decision, the district court concluded that the decision was reasonable and was supported by ample and substantial evidence. It stated that the severe penalty of discharge is both reasonable and foreseeable when the employee willfully fails to properly execute his duties; that statement was based upon the court's review of evidence before the commission as to the repetitive nature of the conduct and the attempts of the sheriff's department to correct the problems by internal or departmental sanctions.

■ Our inquiry is limited to whether the findings upon which a discharge is based are supported by substantial evidence on the record considered as a whole. *Thoreson v. Civil Service Comm.,* Minn., 242 N.W.2d 603 (1976); *Hagen v. State Civil Service Board,* 282 Minn. 296, 164 N.W.2d 629 (1969); *State ex rel. Jenson v. Civil Service Comm.,* 268 Minn. 536, 130 N.W.2d 143 (1964), certiorari denied, 380 U.S. 943, 85 S.Ct. 1023, 13 L.Ed.2d 962 (1965).

Appellant presents a two-pronged argument. In the first instance, he argues that the element of willfulness must be implied in the statutory criteria justifying removal, § 387.41, and concludes that the record does not contain substantial evidentiary support for a finding of willful misconduct. Rather, appellant categorizes his conduct as merely inadvertent.

■ This argument fails for two reasons: First, the commission, as the trier of fact, is empowered to weigh the conflicting testimony, and its findings, essentially having the effect of rejecting appellant's justifications for his conduct, are supported by substantial evidence. *Wilkes v. Hoaglund,* 293 Minn. 425, 196 N.W.2d 475 (1972); *State ex rel. McCarthy v. Civil Service Comm.,* 277 Minn. 358, 152 N.W.2d 462 (1967). In addition, § 387.41 is patently explicit in not requiring a specific finding that the misconduct justifying removal was willful. Rather, any conduct may result in discipline if it is inappropriate when considered with reference to the character of the office. *Thoreson v. Civil Service Comm., supra.* The sensitive and demanding duties of a deputy sheriff are capable of actionable breach by conduct which is not necessarily willful. While the conduct examined herein was specifically held to be willful, that determination is superfluous to the finding of misconduct required by the statute.

Appellant's second assertion is summarily that the extraordinary circumstances of this case justify a complete reversal and that this could be accomplished without undermining the authority of the commission. Such a theory is without merit when considered in light of the record as a whole.

As there is substantial evidence to support the finding of the district court that the commission's order discharging appellant was reasonable and based upon ample evidence, the district court order is affirmed.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.