**In the Matter of the Proposed Discharge of Terence J. LARKIN.**

**No. CX–87–790.**

Court of Appeals of Minnesota.

Nov. 10, 1987.

Steven C. Thal, Rossini & Associates, P.A., Minneapolis, for relator.

Robert J. Alfton, Minneapolis City Atty., Steven R. Fredrickson, Asst. City Atty., A–1700 Hennepin County Government Center, Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

On October 21, 1986, appellant Terence Larkin, a police officer, was served with a recommendation for discharge from his position, effective August 26, 1986. The matter was heard initially by an administrative law judge who found that appellant resigned on August 19, 1986, and found that the city failed to prove Larkin was insubordinate or engaged in conduct sufficient to warrant a discharge. The Minneapolis Civil Service Commission heard arguments of counsel at its meeting of February 12, 1987, made contradicting findings of fact, and overturned the administrative law judge's decision. Larkin appeals from the order of the commission.

## FACTS

Appellant began work as a Minneapolis police officer in 1975. In December 1985, he took a leave of absence from the department to handle his mother's estate and personal matters. During his leave, appellant began working with Snap-On Tools. On April 7, 1986, appellant submitted a written resignation to the police department. Two days later, Larkin requested to withdraw the resignation, but the chief of police denied permission to do so. The decision of the chief of police was overruled by the Minneapolis Civil Service Commission, which ordered Larkin to return to duty on July 1, 1986.

On July 2, 1986, appellant worked for three hours, then went home sick and asked to immediately begin serving a 30–day suspension connected with a pending disciplinary proceeding. On August 16, 1986, the day he was to return to work, appellant verbally informed police department supervisors he was resigning. The next day he called his shift supervisor and said that he wanted to withdraw his resignation. He returned to work on August 18, 1986.

On August 19, 1986, appellant did not report for work. He informed his shift supervisor on the telephone that he was

resigning, effective immediately. Appellant was marked absent without leave for August 22, 23, and 25, 1986. On August 26, 1986, appellant's wife called the personnel division of the police department attempting to complete the paperwork necessary for resignation. She was told that the police department would not accept her husband's resignation. A civil service form alleging job abandonment was submitted on August 26, 1986, by the chief of police.

On October 21, 1986, appellant was served with a recommendation for discharge. A deputy chief conducted a departmental hearing on November 7, 1986, and he concluded the charges regarding abandonment of position should be sustained. Appellant requested a hearing on the proposed discharge pursuant to Minnesota Civil Service Commission Rule 11.07. He wished to have his termination of employment deemed a resignation, not a discharge. Judge Ranum, the administrative law judge, ruled in favor of appellant, finding that the police department failed to prove by a preponderance of the evidence that Larkin was disobedient, used abusive language, engaged in persistent substandard performance, gross or repeated misconduct, or severe initial misconduct. The administrative law judge also found that Larkin's notice of intent to resign constituted an effective resignation. The Minneapolis Civil Service Commission overturned the hearing examiner, stating:

> This commission finds that Mr. Larkin was insubordinate and disobedient in failing to complete his resignation on August 19, 1986, per the reasonable instructions of his superiors. Accordingly, his discharge was effective on the date of notice.
>
> \* \* \* \* \* \*
>
> Mr. Larkin's behavior throughout the past year has been abusive within the meaning of the stated rules. He has abused the leave of absence granted him in December, 1985, to care for his mother and her affairs; the leave was instead devoted to outside employment com-

menced before her death and even before the leave began. He was abusive, insubordinate and disobedient in refusing to return to work in April, 1986, in representing falsely to this Commission in June, 1986, that he desired to return to police work, and in failing to submit his resignation in writing as ordered by the Department on August 19, 1986.

Larkin seeks review of the commission's decision by writ of certiorari.

## ISSUES

1. Is there sufficient evidence to support the commission's finding that appellant did not effectively resign?

2. Are the findings of the commission upon which appellant's discharge was based supported by substantial evidence?

3. Did the civil service commission err by refusing to accept appellant's voluntary resignation in lieu of further proceedings?

## ANALYSIS

■ The present matter involves review of the commission's order. Application of the standard of review for administrative agency action is appropriate even though the Administrative Procedure Act does not apply to municipal agencies.[1] An appellate court may reverse the commission's decision if it is unsupported by substantial evidence on the record or if the court finds it is arbitrary and capricious or affected by other errors of law.

In *Brinks*, this court affirmed the agency when the public utilities commission "significantly deviated from the hearing examiner's findings and rejected his recommendation but explained its reasons for disagreeing with the hearing examiner" in a brief memorandum. *Brinks, Inc. v. Minnesota Public Utilities Commission*, 355 N.W.2d 446, 452 (Minn.Ct.App.1984).

The administrative law judge's report stated that it constituted a recommendation, and that the Minneapolis Civil Service Commission would make the final decision in the case. The commission has the authority to overturn the hearing examiner. When the commission did so, it provided the required reasons to overturn his recom-

---

1. *See* Minn.Stat. § 14.02, subd. 2 (1986) which defines an agency as any state officer, board, commission, etc. having statewide jurisdiction.

mendation. *See Beste v. Independent School District No. 697*, 398 N.W.2d 58, 62–63 (Minn.Ct.App.1986). The commission issued its report with supporting findings of fact.

**1.**

■ Appellant argues the commission erred when it found his attempted resignation was ineffective. This court may reverse the agency's decision only if it is unsupported by substantial evidence or if the court finds the agency acted arbitrarily or capriciously.

The hearing examiner found that "[t]he employee's notice of his intent to resign of August 19, 1986, constituted an effective notice of such intent." The commission found that

[t]he employer has established by a preponderance of the evidence that the Employee has failed to submit a written resignation on an authorized form, which is a violation of Civil Service Commission Rule 13.02.

Appellant argues he resigned his employment on August 19, 1987, citing Sergeant Novack's testimony before the hearing officer which indicates Larkin stated on the telephone "I'm really quitting, I really mean it this time."

The alternating attitude of appellant as to whether he wanted to resign supports the finding that he never effectively resigned. In addition, Rule 13.02 of the Civil Service Commission states:

The written resignation of any employee in the classified service will be submitted to the Personnel Department on an authorized form by the head of the department receiving and accepting the same.

This rule provides that the proper way to resign is through the written form. The purpose of the rule is "to insure accurate recordkeeping, proper monitoring of payrolls, and proper notification of resignations to all appropriate City offices." Civil Service Commission Rule 13.01. An employer has a legitimate interest in knowing whether an employee has resigned, and the employer can require written rather than verbal resignations to avoid disputes as to the facts and circumstances of the termination of the employment relationship. Appellant knew the proper way to resign was through a written resignation. It was not error for the commission to conclude that appellant did not resign his position.

**2.**

■ Larkin next contends that the commission's findings that appellant should be discharged were not supported by substantial evidence. "Substantial evidence" is:

1. Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;

2. More than a scintilla of evidence;

3. More than 'some evidence';

4. More than 'any evidence'; and

5. Evidence considered in its entirety.

*Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 825 (Minn.1977). Using this test, the reviewing court is to evaluate the evidence considering the entire record, and must affirm if the agency engaged in reasoned decisionmaking. *Id.* The scope of review of a decision of a civil service commission upholding the discharge of an employee is very narrow. *In re Setchell*, 261 N.W.2d 354, 355 (Minn.1977), *cert. denied*, 436 U.S. 926, 98 S.Ct. 2821, 56 L.Ed.2d 769 (1978). In *Thoreson*, the Minnesota Supreme Court noted:

Where proceedings before the administrative agency vested with final authority are instituted upon a notice which reasonably details the facts claimed to constitute misconduct so that the employee is given fair opportunity to prepare and defend; where the charges made are of a substantial nature directed at the malfeasance or nonfeasance of duties assigned to the employee and which specially relate to and affect the rights and interests of the public; and where the employee is afforded a fair hearing, the findings upon which a discharge is based are to be accepted by the court unless they are unsupported by substantial evidence on the record considered as a whole.

*Thoreson v. Civil Service Commission of City of St. Paul,* 308 Minn. 357, 361, 242 N.W.2d 603, 605–06 (1976) (citations omitted) (emphasis removed).

A police officer for a Minnesota municipality cannot be discharged from duty unless found guilty of inefficiency, breach of duty, or misconduct. The supreme court has discussed sufficient cause for termination:

'Cause,' or 'sufficient cause,' means 'legal cause,' and not any cause which the council may think sufficient. The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The cause must be one touching the qualifications of the officer or his performance of its duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power, and equivalent to an arbitrary removal. In the absence of any statutory specification the sufficiency of the cause should be determined with reference to the character of the office, and the qualifications necessary to fill it.

* * * * * *

Under this definition it appears that the cause or reason for dismissal must relate to the manner in which the employee performs his duties, and the evidence showing the existence of reasons for dismissal must be substantial.

*Leininger v. City of Bloomington,* 299 N.W.2d 723, 726 (Minn.1980) (quoting respectively *State ex rel. Hart v. Common Council,* 53 Minn. 238, 244, 55 N.W. 118, 120 (1893); *Hagen v. State Civil Service Board,* 282 Minn. 296, 299, 164 N.W.2d 629, 632 (1969)).

The bases for the recommended discharge in this case were violations of Rule 11.03(B)(4) and and Rule 11.04(E) of the Minneapolis Civil Service Commission Rules. Rule 11.03(B)(4) misconduct includes insubordination, disobedient behavior and abusive behavior. Rule 11.04 deals with abandoning employment.

The commission found appellant was initially insubordinate as to his failure to complete resignation procedures on August 20, 1986. More importantly, it found he was guilty of abusive behavior in several respects. First, Larkin didn't show up for work on August 19, 1986, violating police rules 5–104.2 and 4–103.3. Second, he failed to report to the shooting range as ordered, and failed to respond to an instruction to come to the station on August 20 to sign the necessary resignation papers, violating rule 4–103.2. Third, he was further absent without leave for a week in violation of rule 4–103.3. Fourth, the commission found that appellant knowingly employed a verbal resignation when he knew that a written resignation on an authorized form was required under commission rule 13.02.

The second major finding by the commission is that appellant's conduct constituted an abandonment of position under commission rule 13.04. The third major finding is that Larkin committed abusive behavior in his taking of a leave and in his insistent, but insincere demand for restoration of his job on an earlier occasion.

Based on these findings, the commission found violations of Minneapolis Civil Service Commission Rules 11.03(B)(4) and 11.-04(E).

The commission concluded:

Throughout the period from December, 1985 to August, 1986, the Department was unable to fill the position nominally occupied by Mr. Larkin. During the period from December 5, 1985, to the date of his third alleged resignation on August 19, 1986, Mr. Larkin worked as a police officer for only two periods of a few hours. It is clear that Mr. Larkin did *not* want to be a police officer unless he failed in his business venture. At the time of his third and final attempt to resign, he was still working 14 and 15 hour days at the second job and was out of town on Tuesdays and Wednesdays. Such a schedule is inconsistent with employment as a police officer. Having retained his position under false pretenses for eight months, Mr. Larkin may not

dictate the terms under which he will lose it.

Although the commission overruled the trial examiner's recommendation, the findings memorandum issued by the commission provides sufficient reasons for the deviation. *See Brinks,* 355 N.W.2d at 452. There was sufficient evidence before the commission to permit the finding that appellant's conduct warranted a discharge, and to reject the hearing examiner's recommendations.

### 3.

The final argument by appellant is that the commission erred in refusing to accept the voluntary resignation tendered by him on December 11, 1986, the date of the hearing by the administrative law judge. The appropriate standard is whether the commission acted arbitrarily or capriciously in refusing to accept the tendered resignation. Appellant suggests the commission is compelled to "follow its own procedure," in particular, Minneapolis Civil Service Commission Rule 11.07(c)(4) which states: "The commission *may* accept a resignation from the employee in lieu of further proceedings" (emphasis added). The administrative law judge did not make a decision on this point because he found for appellant on the merits. The commission has discretion, given the permissive nature of the rule, to accept or decline the resignation of appellant. The commission did not act arbitrarily or capriciously in refusing to accept the resignation.

### DECISION

The Minneapolis City Commission's finding that appellant did not effectively resign and the commission's dismissal of Larkin for misconduct are based on substantial evidence. The commission's decision not to accept Larkin's tendered resignation in lieu of further proceedings was not arbitrary or capricious.

Affirmed.