**Jeri HART–WILKE, Relator,**

v.

**AETNA LIFE INSURANCE, Respondent,**

**Commissioner of Economic Security, Respondent.**

No. C0–95–2660.

Court of Appeals of Minnesota.

July 2, 1996.

---

Jeri Hart–Wilke, Bolingbrook, IL, pro se.

Kent E. Todd, Dept. of Economic Sec., St. Paul, for Respondent Com'r of Economic Sec.

Considered and decided by KLAPHAKE, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Relator challenges both the Commissioner's representative's determination that relator is ineligible for reemployment insurance benefits and the Commissioner's representative's dismissal as untimely of relator's appeal regarding overpayment of benefits. Because we find no merit in relator's argument that the Department of Economic Security's failure to issue an eligibility determination within 24 months pursuant to Minn.Stat. § 268.10, subd. 2(2) entitles her to a reversal of her eligibility determination, and because we conclude that relator's appeal regarding overpayment was untimely, we affirm.

## FACTS

In December 1991, relator Jeri A. Hart–Wilke commenced employment with respondent Aetna Life Insurance & Affiliated Companies (the employer). In February 1993, the employer informed relator that it was eliminating her position effective March 15, 1993, but would continue paying her current salary and providing regular employee benefits for the subsequent 90 days. At the expiration of the 90–day period, the employer would pay relator for her accrued but unused vacation, to a maximum of 25 days. If relator did not find another position within the company by June 13, 1993, the employer would pay her one week of severance pay.

Relator filed a claim with the Department of Economic Security (Department) for emergency reemployment insurance benefits effective March 14, 1993, and received such benefits. She received extended benefits through the week ending July 10, 1993.

As required by law, the employer reported to the Department that relator was paid regular wages during the second quarter of 1993. The Department matched this information with the information that relator was paid extended reemployment insurance benefits for the same period. On or before January 30, 1993, the Department began an investigation into the issue of whether relator was eligible for the extended reemployment insurance benefits that she had received.

On May 22, 1995, a Department claims representative issued a determination holding that relator had been ineligible for extended reemployment insurance benefits during the period from March 15, 1993, through June 11, 1993, because relator was employed during that period. Relator filed a timely appeal from the determination.

On June 1, 1995, a Department claims representative issued an overpayment determination, holding that relator received extended reemployment insurance benefits in the amount of $3,710 to which she was not lawfully entitled during the period from the week ending April 10, 1993, through the week ending July 10, 1993. This overpayment determination provided that it would become final unless relator filed an appeal within 15 days of the mailing date of the determination. Relator filed an appeal from the overpayment determination on June 26, 1995.

After an evidentiary hearing, a reemployment insurance judge affirmed the Department's determination that relator was ineligible for extended reemployment insurance benefits during the period from March 15, 1993, through June 13, 1993, because she was not unemployed during that period. The reemployment insurance judge also issued a decision holding that relator received extended reemployment insurance benefits in the amount of $3,710 through error during the period from April 10, 1993, through July 10, 1993. Relator appealed both decisions to the Commissioner.

The Commissioner's representative affirmed the reemployment insurance judge's decision holding relator ineligible for extended reemployment insurance benefits during the period from March 15, 1993, through June 13, 1993, because relator was not unemployed during that period. Additionally, the Commissioner's representative dismissed relator's appeal from the Department's June 1, 1995, overpayment determination for lack of jurisdiction because relator's appeal was not timely filed.

Relator appeals by writ of certiorari.

## ISSUES

1. Was the Department's determination in violation of Minn.Stat. § 268.10, subd. 2(2)?

2. Did the Commissioner's representative properly dismiss relator's appeal as untimely?

## ANALYSIS

### Standard of Review

 While a reviewing court is not bound by the Commissioner's representative's conclusions of law, *Ress v. Abbott Northwestern Hosp., Inc.*, 448 N.W.2d 519, 523 (Minn.1989), the factual findings will not be disturbed if, when viewed in the light most favorable to the decision, there is evidence reasonably tending to sustain them. *White v. Metropol-*

*itan Medical Ctr.,* 332 N.W.2d 25, 26 (Minn. 1983).

### 1. Statutory requirement regarding issuance of determination

 Relator argues that the decision of the Commissioner's representative that relator is ineligible for benefits should be reversed because the Department failed to issue a determination within the 24–month time period required by Minn.Stat. § 268.10, subd. 2(2). We disagree.

Minn.Stat. § 268.10, subd. 2(2) (1994), provides:

> At any time within 24 months from the date of the filing of a valid claim for benefits by an individual, an official of the department * * * raises an issue of claimant's eligibility for benefits * * *, a determination shall be made thereon and a written notice thereof shall be given to the claimant * * *.

In its memorandum, the Commissioner's representative stated:

> That statutory provision, however, simply provides that at any time within 24 months from the date of filing of the claim, which is here March 14, 1993, an official of the department "raises an issue" of the claimant's eligibility for benefits, that a determination shall be made thereon and a written notice thereof shall be given to the claimant. That statutory provision does not mandate that the determination be issued within 24 months of the initial claim date, only that the issue of eligibility be raised within that time period. In this particular case, the Department began an investigation into the issue on or before January 30, 1995.

The Commissioner's representative's analysis of the law is correct. The statute is unambiguous; it does not require (as relator urges) that the determination of ineligibility must issue within 24 months from the filing of a valid claim, but requires instead only that the issue of eligibility be raised within that time. The record supports the finding of the Commissioner's representative that a member of the Department spoke with the employer's payroll representative on January

30, 1995, regarding the overpayment. Because the Department began the investigation within 24 months of March 14, 1993, and nothing in the statute mandates that the determination be issued within this time period, relator's argument on the issue of eligibility must fail.

### 2. Timeliness of appeal from overpayment determination

Relator argues that her claim regarding the overpayment should not have been dismissed because she appealed within 15 days from the time she received notice of the overpayment. We find no merit in relator's argument.

 The time limit set for appeal is "absolute." *Baldinger Baking Co. v. Stepan,* 354 N.W.2d 569, 571 (Minn.App.1984), *review denied* (Minn. Dec. 20, 1984). "A department referee must dismiss an untimely appeal for lack of jurisdiction." *Nieszner v. Minnesota Dep't of Jobs & Training,* 499 N.W.2d 832, 837 (Minn.App.1993).

 The conclusion of the Commissioner's representative that the appeal is untimely is supported by the record. In an overpayment determination, a claimant must file a written request for a hearing within 15 days after the Department's notice, or the determination becomes final. Minn.Stat. § 268.18, subd. 1(b) (1994). The Department is required to deliver the notice personally or send the notice to the claimant's last known address. *Id.*

The determination that appellant had received an overpayment of benefits was mailed on June 1, 1995, to relator at an Eden Prairie address. Although the Commissioner's representative did not specifically find that the notice was mailed to relator's last known address, relator presented no affirmative evidence that she had provided an address other than Eden Prairie to the Department. Thus, relator cannot base her argument that her appeal was timely on the claim that the original notice was sent to her old address and not to her current residence.

 "Receipt of the mailing is not determinative for purposes of the statute. The date of mailing commences the time for ap-

peal." *Smith v. Masterson Personnel, Inc.,* 483 N.W.2d 111, 112 (Minn.App.1992). Moreover, "[t]he statute does not require that a claimant have actual notice of the determination for the appeal period to run." *Grewe v. Commissioner of Economic Sec.,* 385 N.W.2d 894, 895 (Minn.App.1986). Therefore, relator's claim that she "appealed the overpayment within 15 days from the time [she] received it" is irrelevant.

■ Further, as noted by the Commissioner's representative,

the only issue involved in an appeal to an overpayment determination is whether the claimant received the amount of monies determined overpaid. Whether the claimant is entitled to the payment of benefits is the subject matter of a different determination, which determination was timely appealed * * *.

Relator does not deny receiving the money; thus, any alleged error in the Commissioner's representative's dismissal of the appeal can be deemed harmless.

### DECISION

The Commissioner's representative properly dismissed relator's appeal regarding the overpayment of benefits as untimely and properly determined that relator was ineligible for benefits from March 15, 1993, through June 13, 1993, because relator was not unemployed during this period.

**Affirmed.**