In the Matter of E.N., Student, Relator,

v.

**SPECIAL SCHOOL DISTRICT NO. 1, Minneapolis, Minnesota, Respondent.**

No. C1–99–974.

Court of Appeals of Minnesota.

Dec. 21, 1999.

Katherine L. MacKinnon, St. Louis Park, MN; and Sonja D. Kerr, Inver Grove Heights, MN (for relator).

Laura Tubbs Booth, Roseann T. Schreifels, Rider, Bennett, Egan & Arundel LLP, Minneapolis, MN (for respondent).

Considered and decided by SHUMAKER, Presiding Judge, ANDERSON, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY, * Judge.

An administrative review officer applied the Minnesota Rules of Civil Procedure to decide an issue of service of a notice on an appeal from a hearing officer's decision under the state's special education laws. Although we find that the officer erred in deciding the service of notice issue, we nevertheless affirm because the officer had jurisdiction to consider and decide both the appeal and cross-appeal based on the opposing party's initial adequate filing.

## FACTS

This appeal concerns only procedural issues in an administrative appeal under Minnesota's special education law and does not involve a review of the merits of this case. The case arose over conflicting proposals for the educational needs of relator, E.N., between his parents, who brought this suit on his behalf, and respondent

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minneapolis Public Schools, Special School District No. 1. Relator is as an eight-year-old boy severely affected by autism. He is guaranteed the satisfaction of certain educational criteria under the Individuals with Disabilities Education Act, 20 U.S.C.A. §§ 1400–1487 (Supp.1999), adopted in Minnesota at Minn.Stat. ch. 125A (1998), and administered under the auspices of Minnesota's Department of Children, Families and Learning. The parents filed for a due process hearing under the special education law. Both parties submitted proposals on relator's educational needs to an Independent Hearing Officer (IHO). The IHO reviewed respondent's proposed Individual Education Plan, required by federal law to satisfy the requirement of providing a free, appropriate public education. The IHO rejected the plans of both parties, instead issuing a separate plan. The plan was faxed to the parties on February 8, 1999.

Both parties appealed from the IHO's plan to a Hearing Review Officer (HRO). Relator filed his appeal on March 5, 1999. Respondent filed a cross-appeal on March 10 and faxed notice of the cross-appeal to relator on March 11. Prior to the HRO's substantive review, relator moved to dismiss respondent's cross-appeal for lack of jurisdiction. Relator argued that respondent's filing was defective because its service of notice occurred after the statutory 30–day filing requirement for appeal from an IHO's decision. The HRO rejected relator's motion, applying Minn. R. Civ. P. 6.05 to conclude that service after 5:00 p.m. is deemed to have occurred the next day. Based on the finding that the IHO did not serve the decision until the evening of February 8, respondent was granted an additional day to serve its notice on relator, thus rendering it timely. Relator petitioned to this court by writ of certiorari for review of the HRO's denial of his motion to dismiss respondent's cross-appeal.

Minn. Const. art. VI, § 10.

## ISSUE

Did the hearing review officer have jurisdiction to consider respondent's cross-appeal?

## ANALYSIS

■ An administrative agency's decision will be sustained on appeal "unless it 'reflects an error of law, the determinations are arbitrary and capricious, or the findings are unsupported by the evidence.'" *Glazier v. Independent Sch. Dist. No. 876,* 558 N.W.2d 763, 766 (Minn.App.1997) (quoting *County of Scott v. Public Employment Relations Bd.,* 461 N.W.2d 503, 504 (Minn.App.1990), *review denied* (Minn. Dec. 20, 1990)).

Relator appeals the decision of the HRO denying his motion to dismiss respondent's cross-appeal. The special education law provides for review of an HRO's decision in accordance with Minnesota's Administrative Procedure Act (APA), Minn.Stat. ch. 14 (1998). Minn.Stat. § 125A.09, subd. 10 (1998). The APA provides for the following scope of review of an administrative decision:

[T]he court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusions, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1998).

■ By writ of certiorari, relator challenges the jurisdiction of the HRO to consider respondent's cross-appeal from the decision of the IHO. An appellate court reviews the issue of jurisdiction under a de novo standard. *Minnesota Ctr. for Envtl. Advocacy v. Metropolitan Council,* 587 N.W.2d 838, 842 (Minn.1999).

■ Relator challenges jurisdiction on the ground that respondent's service of its notice of appeal was deficient as to both timing and method. Both the filing and service requirements of a notice of appeal are jurisdictional. *Kearns v. Julette Originals Dress Co.,* 267 Minn. 278, 282, 126 N.W.2d 266, 269 (1964); *Hart–Wilke v. Aetna Life Ins.,* 550 N.W.2d 310, 313 (Minn.App.1996).

■ The legislature has provided that an appeal from an IHO to the commissioner's representative, the HRO, must be brought "within 30 calendar days of receipt" of an IHO's written decision. Minn. Stat. § 125A.09, subd. 9 (1998). "[O]n matters of statutory interpretation, this court is not bound by the determination of an administrative agency." *Arvig Tel. Co. v. Northwestern Bell Tel. Co.,* 270 N.W.2d 111, 114 (Minn.1978).

■ Additional procedure is provided by administrative regulation for perfecting an appeal. "[N]otices of appeal shall be on the appeal form or otherwise in writing and shall be sent by mail to all parties to the hearing when the appeal is filed." Minn. R. 3525.4600 (1997). While deference is afforded to regulations on technical issues, *Resident v. Noot,* 305 N.W.2d 311, 312 (Minn.1981), this court reviews construction of a rule of procedure de novo. *State v. Nerz,* 587 N.W.2d 23, 24 (Minn. 1998).

Relator's appeal from the HRO's decision claims three errors: (1) that respondent failed to comply with the mailing requirement when it served its notice on relator by facsimile; (2) that the HRO's finding on respondent's receipt of the IHO's decision was unsupported by the evidence; and (3) that the HRO erred in adopting Minn. R. Civ. P. 6.05 to conclude

that respondent timely served its notice of appeal.

First, we dispense with relator's mailing contention. Relator argues that respondent's facsimile service did not comply with the applicable regulations that require service by mail. Minn. R. 3525.4600. Relator first raises this issue on appeal. Generally, matters not raised below will not be considered on appeal. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988). Moreover, the interests of justice do not mandate review of this issue. *See* Minn. R. Civ.App. P. 103.04 (reviewing court may review any matter in the interest of justice). Relator's reliance on an administrative regulation may not be employed to support a jurisdictional challenge. *Cf. Leisure Hills of Grand Rapids, Inc. v. Levine,* 366 N.W.2d 302, 304 (Minn. App.1985) (jurisdiction cannot be limited by rule making, and the legislature, not an agency, determines the scope of jurisdiction), *review denied* (Minn. July 11, 1985).

Second, we reject the HRO's finding that respondent received the IHO's decision at 9:45 p.m. on February 8, 1999. While we are mindful of the deference we must give to an administrative body's factual finding, that deference is awarded only "when the finding is properly supported by the evidence." *Vicker v. Starkey,* 265 Minn. 464, 470, 122 N.W.2d 169, 173 (1963). Here, no evidence in the record supports the HRO's finding. Respondent's attorney asserted in an administrative hearing and to this court that it did not receive the IHO's decision until 9:45 p.m. *See Hagen v. Civil Serv. Bd.,* 282 Minn. 296, 300, 164 N.W.2d 629, 632 (1969) (noting that receipt of incompetent evidence in a quasi-judicial proceeding is not fatal to an administrative determination). Respondent submitted no admissible evidence into the record showing that it received the decision at 9:45 p.m. *See Hart-Wilke,* 550 N.W.2d at 313 (denying appeal, in part, on relator's failure to present affirmative evidence in support of argument at administrative hearing). The only perti-

nent evidence is the February 8 facsimile from the IHO sent to the attorneys notifying them that the IHO's decision would be mailed that day and sent by facsimile that evening. Thus, as no evidence supports the finding that the IHO's decision was actually received at 9:45 p.m., the evidence did not properly support the HRO's finding, and we strike that finding.

As to relator's third argument, we also reject the HRO's application of rule 6.05 to interpret the 30–day service requirement. Rule 6.05 provides that service that is accomplished other than by mail and is received after 5:00 p.m. shall be counted as occurring on the next business day. Based on its finding that respondent received the IHO's decision at approximately 9:45 p.m. on February 8, the HRO provided respondent with an extra day to comply with the filing requirements.

We begin by recognizing that courts have applied the rules of civil procedure beyond the district court arena. *See Kenzie v. Dalco Corp.,* 309 Minn. 495, 497, 245 N.W.2d 207, 208 (1976) (applying three-day extension of rule 6.05 to statutory procedural rule for filing an appeal from a decision of the commissioner of the Department of Employment Services); *Wilkins v. City of Glencoe,* 479 N.W.2d 430, 431 (Minn.App.1992) (applying rule 6.05 to removal of conciliation court proceedings to district court). While *Kenzie* focused on an administrative appeal, it was an appeal from an administrative body to a state court, not an appeal to an administrative body, as in our case. *See Kenzie,* 309 Minn. at 497, 245 N.W.2d at 208. Neither the parties nor this court is able to provide a case that has applied the rules at the administrative level.

Moreover, no applicable statutory provision allows the application of rule 6.05 in this context. A well-referenced canon of statutory construction stipulates that "courts cannot supply that which the legislature purposely omits or inadvertently

overlooks." *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971); *accord In re Welfare of J.M.*, 574 N.W.2d 717, 723 (Minn.1998). Until either the legislature stipulates, or the supreme court so provides absent express statutory authorization, we will not apply the rules of civil procedure in this administrative area.

█ In rejecting the HRO's application of rule 6.05, we additionally note that the HRO's action evokes the essence of rulemaking. A rule is defined as

every agency statement of general applicability and future effect, including amendments, suspensions, and repeals of rules, adopted to implement or make specific the law enforced or administered by that agency or to govern its organization or procedure.

Minn.Stat. § 14.02, subd. 4 (1998). Because the HRO's application of rule 6.05 tends to clarify the service and filing requirements of an appeal to an HRO, it appears to rise to the level of rulemaking.[1]

Thus, both the HRO's finding and application of rule 6.05 were clear error. As such, after the removal of both the finding and rule application, respondent's March 11 service of its notice on relator was not within the 30–day filing requirement and was untimely.

█ Nonetheless, a jurisdictional issue is presented only if the HRO's authority to consider respondent's cross-appeal depended exclusively on respondent's notice. Relator argues that, because respondent's notice was untimely, the HRO lacked jurisdiction to consider respondent's appeal. Yet relator had already established jurisdiction. Any attempt to argue that respondent had to establish separate jurisdiction has no basis in statutory or case law.

We reach this conclusion in light of the HRO's statutory authority to review the parties' opposing arguments. The HRO's scope of review is provided at Minn.Stat. § 125A.09, subd. 9:

The hearing review officer must conduct an appellate review and issue a final independent decision based on an impartial review of the local decision and the entire record[.]

█ It is long established by Minnesota case law that the word "appeal," in the context of administrative review proceedings, means trial de novo. *State ex rel. Spurck v. Civil Serv. Bd.*, 226 Minn. 240, 247, 32 N.W.2d 574, 579 (1948); *accord Hennepin County Community Servs. Dept. v. Hale*, 470 N.W.2d 159, 165 (Minn. App.1991), *review denied* (Minn. July 24, 1991). Absent modifying statutory language as to how an administrative appeal shall be tried, an "appeal" at the administrative level "plainly means a trial with all the incidents of one." *Id.; see also Glazier*, 558 N.W.2d at 766 (relying on "final independent language" when no challenge is brought to findings of IHO).

█ The HRO's capacity to conduct a trial de novo implies the ability to consider arguments from both parties once jurisdiction is established. Relator timely appealed to the HRO under section 125A.09. Once relator established jurisdiction, respondent's technical classification of its arguments as a cross-appeal does not negate its right to raise these same arguments as a party to the appeal, regardless of the terminology it employed.

Moreover, relator has not demonstrated a connection between the procedural violations and its request that we reverse and remand the HRO's decision. Section 14.69, which governs the scope of judicial review under the APA, provides this court the authority to reverse or modify a deci-

---

1. An "agency interpretation that 'make[s] specific the law enforced or administered by the agency' is an interpretive rule that is valid only if promulgated in accordance with the Minnesota Administrative Procedure Act."

*Application of Q Petroleum*, 498 N.W.2d 772, 780 (Minn.App.1993) (quoting *Mapleton Community Home, Inc. v. Minnesota Dept. of Human Servs.*, 391 N.W.2d 798, 801 (Minn. 1986)).

sion only when "substantial rights" of a petitioner have been prejudiced by a violation of procedure. *See First Nat'l Bank of Shakopee v. Department of Comm.*, 310 Minn. 127, 130–31, 245 N.W.2d 861, 863–64 (1976) (inadequate procedure has been held to justify reversal only when " 'substantial rights of the petitioners may have been prejudiced' " (quoting Minn.Stat. § 15.0425, predecessor of Minn.Stat. § 14.69)). No argument has been raised to this court that relator's substantial rights under the special education law were prejudiced by the HRO's decision, or that we must remand for further proceedings to cure a defect in the HRO's legal conclusions.[2]

 In reaching our decision, we do not condone the HRO's erroneous finding or rulemaking, but instead defer to the essence of these proceedings—to secure relator's right to special education. To reverse or remand would not be constructive. The intent behind the Minnesota special education law should not be thwarted by fanciful procedural challenges raising harmless jurisdictional defects, but should ensure compliance with the spirit of the law—that disabled children receive an education appropriate to their needs. *See* Minn.Stat. § 125A.023, subd. 3(d)(1)(ii) (1998) (special education laws to fulfill purpose of federal Individuals with Disabilities Education Act).[3] In reaching our decision, we are mindful that the HRO's decision protects relator's rights and welfare, while satisfying state and federal special education guidelines.

2. As an additional note, we recognize the potential application of Minn.Stat. § 125A.09, subd. 15 (1998), which provides that a district is not "liable"

> for harmless technical violations of this section or rules implementing this section if the school district can demonstrate on a case-by-case basis that the violations did not harm the student's educational progress or the parent or guardian's right to notice, participation, or due process.

3. The purpose of Individuals with Disabilities Education Act is

## DECISION

Jurisdiction on appeal to a hearing review officer under Minnesota's special education laws is established when either party files a timely notice of appeal. The reviewing officer is then entitled to consider arguments from both parties. Technical procedural irregularities should not be employed to thwart such jurisdiction absent a violation of either party's substantial rights.

**Affirmed.**

to assure that all children with disabilities have available to them * * * a free appropriate public education * * * designed to meet their unique needs, to assure that the rights of children with disabilities and their parents * * * are protected, to assist States and localities to provide for the education of all children with disabilities, and to assess and assure the effectiveness of efforts to educate children with disabilities.

20 U.S.C.A. § 1400(c) (Supp.1999).