STATE EX REL. WILLIAM JAFFA v. HENRY CREPEAU, CHIEF OF POLICE OF CITY OF ST. PAUL, AND OTHERS.

MINNESOTA STATE BOARD OF PAROLE, APPELLANT.[1]

September 30, 1921.

No. 22,626.

**Conditional discharge of prisoner.**

1. The board of parole of this state may grant a prisoner a conditional discharge, and, if the condition fails, the discharge is inoperative. A discharge on condition that the prisoner is taken into custody by the authorities of another state becomes void on the authorities of such state declining to take him into custody.

**Paroled prisoner may be ordered returned without hearing.**

2. Under our statute the board of parole may order the return of a paroled prisoner without a hearing. The statute is constitutional.

Upon the relation of William Jaffa the district court for Ramsey county granted its writ of habeas corpus directed to Henry Crepeau,

[1]Reported in 184 N. W. 567.

Chief of Police of the city of St. Paul and the members of the State Board of Parole. From an order discharging relator from custody and restraining respondents from further interference with the person of relator, Kelly, J., respondents appealed. Reversed and writ discharged.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Deputy Attorney General, for appellants.

*A. J. Hertz,* for relator.

HALLAM, J.

1. Relator was adjudged guilty of grand larceny in the second degree and was sentenced to the state reformatory at St. Cloud to be imprisoned until discharged by due course of law or by competent authority. The limit of punishment under the law is imprisonment for five years. Relator commenced his term of service January 27, 1919. Early in 1921 the board of parole received advices that relator was charged with crime committed in Illinois, and that the Illinois authorities wanted to secure his arrest upon his discharge in Minnesota. On April 26 the board of parole, considering his case, took the following action: "Discharge authorized on condition that the Illinois authorities get him." Soon thereafter it developed that the Illinois charge had been dropped and that the Illinois authorities did not want him. Thereupon the board of parole again considered the case and on May 9 took this action: "Discharge to Illinois authorities rescinded and parole authorized." Relator was thereupon released on parole.

On July 26, 1921, the board of parole, again considering his case, took this action: "Parole rescinded and warrant for arrest issued." Under this warrant relator is now held.

We construe the action of April 26 as a conditional discharge. This is just what it purports to be, a discharge on condition that relator should be taken into custody by the Illinois authorities. Since the Illinois authorities did not take him into custody the condition failed and it was inoperative.

The learned district judge was of the opinion that the condition was void and that, the condition failing, the discharge became absolute. We cannot agree that the condition was void. Pardons and paroles upon

150 M.—6.

condition are quite generally recognized as valid when authorized by statute and even in the absence of statute, if such condition is made a part of the discharge. State v. Wolfer, 53 Minn. 135, 54 N. W. 1065, 19 L.R.A. 783, 39 Am. St. 582; Kennedy's Case, 135 Mass. 48; Arthur v. Craig, 48 Iowa, 264, 30 Am. Rep. 395. There is nothing in the statutes that forbids and we see no reason of public policy for holding such a condition void. Had the board granted only a parole under the usual regulations, relator could not have left the state and a discharge and not a parole was the proper procedure in event relator was to be remanded to the authorities of another state.

2. Relator contends that the prison authorities have no power to cause his arrest and return to prison without according him a hearing on the question whether he had in fact violated the terms of his parole. The statute provides: "Such convicts while on parole shall remain in the legal custody and under the control of the state board of parole, subject at any time to be returned to the state prison or state reformatory, and the written order of said board, certified by the warden or superintendent of the state reformatory, shall be a sufficient warrant to any officer to retake and return to actual custody any such convict." G. S. 1913, § 9273.

This statute gives to the board the power to order the return of a paroled prisoner in the exercise of their judgment and discretion. No trial or hearing is provided for. The board in causing the arrest and demanding the return of relator accordingly acted within the law, unless this statute is for some reason unconstitutional. We know of no constitutional provision that it violates. The propriety of such legislation is impliedly recognized in State v. Wolfer, supra, and is sustained in other states, and it is generally held that there is no infringement of any constitutional guaranty of the personal rights or liberty of the convict. Fuller v. State, 122 Ala. 32, 26 South. 146, 45 L.R.A. 502, 82 Am. St. 1; Kennedy's Case, 135 Mass. 48; Owen v. Smith, 89 Neb. 596, 131 N. W. 914; Spencer v. Kees, 47 Wash. 276, 91 Pac. 963; Woodward v. Murdock, 124 Ind. 439, 24 N. E. 1047; State v. Stephenson, 69 Kan. 405, 76 Pac. 905, 105 Am. St. 171, 2 Ann. Cas. 841; State v. Page, 60 Kan. 664, 57 Pac. 514; State v. Peters, 43 Oh. St. 629,

4 N. E. 81; Miller v. State, 149 Ind. 607, 49 N. E. 894, 40 L.R.A. 109.

The theory is that a parole granted under such a statute, is granted, not as a matter of right, but of grace, and that the convict, by accepting this form of parole, is bound by the conditions imposed by the statute under which it is granted.

There are decisions in other states holding similar legislation wholly or in part invalid as an infringement of particular constitutional provisions vesting the pardoning power in the Governor of the state. People v. Moore, 62 Mich. 496, 29 N. W. 80; State Board of Corrections, 16 Utah, 478, 52 Pac. 1090; In re Conditional Discharge of Convicts, 73 Vt. 414, 51 Atl. 10, 56 L.R.A. 658; People v. Cummings, 88 Mich. 249, 50 N. W. 310, 14 L.R.A. 285.

Our Constitution creates a board of pardons "whose powers and duties shall be defined and regulated by law." Const. Minn. art. 5, par. 4. We think this provision permits the legislation here in question. (See also People v. Cook, 147 Mich. 127, 110 N. W. 514.)

Order reversed and writ discharged.