STATE EX REL. STEVEN WAYNE FOX v. JACK G. YOUNG.

199 N. W. 2d 156.

June 23, 1972—No. 43269.

*C. Paul Jones,* State Public Defender, and *Doris O. Huspeni,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Curtis Forslund,* Solicitor General, and *James N. Bradford,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Appeal from a district court denial of habeas corpus relief in a proceeding instituted by petitioner to challenge revocation of his parole. We affirm.

Petitioner had his parole revoked by the Adult Corrections Commission upon his being arrested and criminally charged with petty theft and the possession of narcotic drugs, such offenses allegedly committed during his parole. Prior to revocation, a parole agent also reported to the commission that, at the time of his arrest, petitioner was in possession of a loaded .38-caliber revolver in violation of a parole agreement executed by petitioner when paroled which specifically prohibited the purchase, acquistion, or possession of any type of firearm.

Petitioner's sole claim, which he chose to present pro se to the district court, is that the commission abused its discretionary authority embodied in Minn. St. 1969, §§ 243.05 and 243.12, by revoking parole even though the criminal charges were not prosecuted and even though there existed reasonable doubt that he was in possession of the revolver when arrested. Since the record establishes that (1) the commission based its revocation in part on the parole agent's report that petitioner possessed the firearm, which petitioner did not deny before the commission; and (2) an independent finding by the district court upon the unrefuted testimony of the arresting officer that defendant did in fact have in his possession the prohibited weapon, we are compelled to affirm the conclusion of the district court that petitioner's revocation of parole by the Adult Corrections Commission was a lawful exercise of its discretionary authority.

No issues challenging the revocation procedures employed by the commission are raised or decided by this appeal.

Affirmed.