**STATE of Minnesota, Respondent,**

v.

**Jason SCHWARTZ, Appellant.**

No. C7–99–378.

Court of Appeals of Minnesota.

July 20, 1999.

Review Denied Sept. 28, 1999.

Mike Hatch, Attorney General, St. Paul, and Jennifer Fischer, Assistant Kandiyohi County Attorney, Willmar, for respondent.

John E. Mack, Mack & Daby, New London, for appellant.

Considered and decided by PETERSON, Presiding Judge, SHORT, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge

Appellant Jason Dewayne Schwartz challenges the district court's revocation of his probation. The district court conditioned probation upon appellant's successful completion of a sex-offender treatment program. Appellant claims that because his failure to complete a sex-offender treatment program was the result of his refusal to admit the offenses of his conviction, the district court violated his freedom of conscience under Article 1, Section 16 of the Minnesota Constitution, and his right to due process when it revoked his probation. We affirm.

## FACTS

On August 23, 1996, a jury found Jason Schwartz guilty of two counts of second-degree criminal sexual conduct for fondling a four-year-old girl whom he was babysitting. The court sentenced

Schwartz to terms of 21 months on the first count and 26 months on the second count, stayed execution, and placed him on probation for five years subject to certain conditions. One condition was participation in sex-offender treatment.

The court initially gave Schwartz an opportunity to enter an outpatient program. However, because Schwartz would not accept responsibility for his offenses, the program rejected him. A program official stated that to be accepted, an individual must make "some minimal admission or acknowledgement of culpability to be treated or admitted to treatment."

Schwartz then on his own entered treatment at Project Pathfinder. He participated in 31 sessions until February 24, 1998, when the program discharged him. A program therapist stated that Schwartz was discharged before successful completion of the program because Schwartz "could not foresee admitting to touching the victim of the current offense with any sexual intent."

The court held a probation revocation hearing. Schwartz contended that requiring him to admit sexual misconduct violated his Fifth Amendment and due process rights. The court rejected Schwartz's contention; ruled that Schwartz "may properly be required to admit guilt as an absolute requirement of successful completion of sex-offender treatment"; and permitted him to continue on probation on the condition that he participate in and successfully complete sex-offender treatment.

Schwartz made it clear to his probation officer that he would never admit any guilt for his offenses. Both Schwartz and his probation officer searched unsuccessfully for treatment programs that would accept Schwartz despite his adamant denial of culpability.

At a second probation violation hearing, Schwartz testified that he would not admit guilt because to do so would be a lie and that

I was told not to lie. I was told to tell the truth and then you'll be better off because you will get out of trouble that way.

The court found Schwartz to be in violation of his probation, revoked the stayed sentences, and committed Schwartz to the custody of the commissioner of corrections. Schwartz appealed, arguing that the requirement that he admit his guilt violates the Minnesota Constitution and caselaw precedent.

## ISSUE

Did the district court's revocation of appellant's probation based on his failure to complete a sex-offender treatment program because of his refusal to admit guilt violate his constitutional rights?

## ANALYSIS

■ Because this appeal raises solely legal issues, we need not defer to the district court's decision. *See State v. Welke*, 298 Minn. 402, 410, 216 N.W.2d 641, 647 (1974) (reviewing court has ultimate power to independently review constitutional claims).

### Constitutional Claim

Article 1, Section 16 of the Minnesota Constitution states, in pertinent part, as follows:

[t]he right of every man to worship God according to the dictates of his own conscience shall never be infringed * * * nor shall any control of or interference with the rights of conscience be permitted, or any preference be given by law to any religious establishment or mode of worship; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness or justify practices inconsistent with the peace or safety of the state * * *.

■ This provision affords even greater protection for religious liberties than does the Federal Constitution by precluding only "infringement on or interfer-

ence with religious freedom." *State v. Hershberger*, 462 N.W.2d 393, 397 (Minn. 1990). Only governmental interests in "peace or safety" and protections against "acts of licentiousness" will excuse governmental imposition on religious freedom. *Id.*

Schwartz argues that Article 1, Section 16 of the Minnesota Constitution is a freedom of conscience clause that protects from governmental control or infringement his belief that he must tell the truth. He contends accordingly that the court's action in revoking his probation must be tested against the criteria in *Hill–Murray Fed'n of Teachers v. Hill–Murray High Sch.*, 487 N.W.2d 857, 865 (Minn.1992) (noting that courts use four-pronged test to determine whether state regulation of religious belief violates Minn. Const. art. I, § 16).

Article 1, Section 16 of the Minnesota Constitution protects an individual's right to the free exercise of religion according to the dictates of the individual's conscience, and precludes unwarranted governmental interference with religious freedom. *See Hershberger*, 462 N.W.2d at 397 (holding that traffic equipment statute applied to Amish people violated their sincere religious beliefs). The Minnesota cases that have applied Article 1, Section 16 have done so only when a *religious* belief was at issue. *See id.* at 395 (Amish religious belief); *Hill–Murray* 487 N.W.2d at 859-60 (Roman Catholic religious belief); *Murphy v. Murphy*, 574 N.W.2d 77, 79 (Minn.App.1998) (Christ's Household of Faith religious belief). The *Hill–Murray* criteria are applied when a *religious* belief allegedly is burdened by governmental action. Schwartz has not identified any *religious* belief implicated by his defense to his probation revocation. From his testimony we cannot even infer that his belief that he must always tell the truth is grounded in general morality. Rather, his statement that by telling the truth he is better off because

that way he stays out of trouble appears to be more of a pragmatic, cost-benefit principle than anything else. Absent a showing that a genuine religious belief is implicated, neither Article 1, Section 16 of the Minnesota Constitution nor the *Hill–Murray* test applies.

Finally, not only is there no religious belief in this case, there is not even a right to be vindicated. *See State ex rel. Morrow v. LaFleur*, 590 N.W.2d 787, 796 (Minn. 1999) (recognizing that sex offender has no constitutional right to rehabilitative treatment).

**Case Precedent Argument**

Schwartz relies on *State ex rel. Morrow v. LaFleur*, 577 N.W.2d 226 (Minn.App.1998), *rev'd*, 590 N.W.2d 787 (Minn.1999), for the proposition that the requirement that defendant admit guilt to qualify for sex-offender treatment violates due process. At the time of this appeal *Morrow* was pending in the supreme court. That court issued its decision after we heard this case, reversed the court of appeals, and held that termination of a sex offender from treatment because he would not admit the inappropriateness of his conduct did not violate his due process or Fifth Amendment rights. *Morrow*, 590 N.W.2d at 796. The supreme court decision in *Morrow* controls here.

**DECISION**

The district court did not violate appellant's right of freedom of conscience under Article 1, Section 16 of the Minnesota Constitution, or his due process rights by revoking his probation for his failure to complete sex-offender treatment.

**Affirmed.**