**STATE of Minnesota, Respondent,**

v.

**Jason DeWayne SCHWARTZ, Appellant.**

No. C1–99–1946.

Court of Appeals of Minnesota.

June 26, 2000.

Mike Hatch, Attorney General, Gary R. Cunningham, Assistant Attorney General, St. Paul, and Boyd Beccue, Kandiyohi County Attorney, Willmar, for respondent.

John E. Mack, Mack & Daby, New London, for appellant.

Considered and decided by
HALBROOKS, Presiding Judge,
HARTEN, Judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge.

Jason DeWayne Schwartz appeals from the district court's order denying his petition for postconviction relief and dismissing his petition for a writ of habeas corpus. We affirm.

## FACTS

In August 1996, Schwartz was convicted of two counts of second-degree criminal sexual conduct for fondling a four-year-old child. The district court sentenced him to concurrent prison terms of 21 months on the first count and 26 months on the second count. The district court stayed execution of the sentences subject to certain terms and conditions and placed Schwartz on probation for five years.

The stay required Schwartz to serve 365 days in the Kandiyohi County jail and to participate in a sex-offender treatment program. Schwartz participated in 31 sessions but was discharged from the treatment program short of completion because he refused to admit that he touched the victim inappropriately.

At a July 1998 hearing to revoke Schwartz's probation, Schwartz argued that it was improper to require him to admit to sexual misconduct because it violated his Fifth Amendment and due-process rights. The state offered Schwartz immunity for any admissions that he might make in the course of treatment, and the district court allowed him to continue on probation, again on the condition that he successfully complete a sex-offender treatment program.

In December 1998, the district court revoked Schwartz's probation and executed his sentence because of Schwartz's refusal to admit to sexual misconduct. The district court also imposed a five-year conditional-release term. This court affirmed the district court's revocation of probation. *State v. Schwartz*, 598 N.W.2d 7, 10 (Minn. App.1999), *review denied* (Minn. Sept. 28, 1999). Schwartz served his commitment with the Commissioner of Corrections and was released in May 1999, subject to a conditional-release agreement, providing, in part, that he have no contact with minors without the prior approval of his supervising agent.

On or about October 2, 1999, Schwartz drove to a Pamida store with his adult male friend, C.B., who was carrying his two-year-old child. Allison Deal, Schwartz's supervising agent, saw Schwartz in the presence of the child. Deal claimed that Schwartz violated the conditions of his release and on October 12, 1999, an executive officer with the Department of Corrections conducted a revocation-of-release hearing. Schwartz admitted to Deal's allegation but denied that it was a violation of the conditions of his release.

The hearing officer revoked Schwartz's conditional release and directed his return to a state correctional facility to serve the remainder of his conditional-release term. Schwartz sought review of the hearing officer's decision by filing a petition for post-

conviction relief and a petition for a writ of habeas corpus in district court. Schwartz alleged that the administrative hearing denied his constitutional rights to judicial review and due process. Schwartz further alleged that the procedure was defective because it was an unlawful and unconstitutional violation of the separation-of-powers doctrine. The district court denied the petitions, and Schwartz appeals.

## ISSUES

I.  Does the Commissioner of Correction's authority under Minn.Stat. § 243.05 (1998) to grant parole releases, to rescind parole releases, and to reincarcerate violate the Separation of Powers provision of the Minnesota Constitution?

II.  Did the hearing officer clearly abuse his discretion by concluding that Schwartz violated the terms of his conditional release by riding in a vehicle with a two-year-old child?

III.  Does the Commissioner of Correction's authority under Minn.Stat. § 609.109, subd. 7(b) (1998), to revoke a sex offender's conditional release and order that the offender serve in prison the remaining portion of the conditional-release term violate the Separation of Powers provision of the Minnesota Constitution?

## ANALYSIS

### I.  Separation of Powers

■ Schwartz argues that Minn.Stat. § 243.05, subds. 1(a), 1(b) (1998), which gives the Commissioner of Corrections the authority to grant parole releases, to rescind parole releases, and to reincarcerate violates the Separation of Powers clause of the Minnesota Constitution, which provides that

[t]he powers of government shall be divided into three distinct departments: legislative, executive, and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution.

Minn. Const. art. III, § 1. A challenge to the constitutionality of a statute is a question of law, which this court reviews de novo. *In re Blilie*, 494 N.W.2d 877, 881 (Minn.1993).

■ Since 1887, an administrative body has made parole determinations in Minnesota.[1] 1887 Minn. Laws ch. 208, § 14. Parole involves releasing prisoners before the end of their sentences, allowing them to "reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed." *Morrissey v. Brewer*, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972). There are several types of authorized release in Minnesota, including supervised release under Minn. Stat. § 244.05 (Supp.1999); conditional medical release under Minn.Stat. § 244.05, subd. 8 (1998); and conditional release for sex offenders under Minn.Stat. § 609.108, subd. 6 (1998), and Minn.Stat. § 609.109, subd. 7 (1998). Conditional release for sex offenders under section 609.109, subdivision 7, is at issue here.

■ The Commissioner of Corrections has been responsible for oversight of Minnesota's parole system since 1983. 1983 Minn. Laws ch. 274, § 4. In 1921, the Minnesota Supreme Court determined that administration of Minnesota's parole system by the Board of Probation and Parole did not violate any constitutional provision. *See State ex rel. Jaffa v. Crepeau*, 150 Minn. 80, 82, 184 N.W. 567, 568 (1921). This case presents the first challenge to the constitutionality of the parole system, on the ground of separation of

---

1.  In this opinion, we use the term "parole" generically to include other forms of conditional release as used by the legislature in Minn.Stat. § 243.05. We recognize that for most offenders "supervised release" has replaced parole. *See* Minn.Stat. 244.05 (1998).

powers, since the Commissioner of Corrections has assumed oversight.

In support of his argument that Minnesota's parole system constitutes executive interference with the judiciary, Schwartz cites two recent Minnesota Supreme Court cases, *Holmberg v. Holmberg,* 588 N.W.2d 720 (Minn.1999), and *Irwin v. Surdyk's Liquor,* 599 N.W.2d 132 (Minn.1999). Although neither case involves Minnesota's parole system, both involve administrative schemes that were found to violate the separation-of-powers doctrine. In *Holmberg,* the supreme court held that the statutory administrative child-support process violated the state constitution's Separation of Powers provision by unconstitutionally impinging on the powers of the judiciary. 588 N.W.2d at 726. The supreme court looked to several factors to determine whether the administrative process impinged on the judicial branch, including (1) whether the original jurisdiction of the court was usurped; (2) whether the decision-maker made inherently legal decisions; (3) whether there was adequate judicial oversight of the administrative scheme; and (4) whether the administrative scheme impinged on the judiciary's power to oversee the practice of law. *Id.* at 724–26.

■ First, we consider whether the Commissioner of Correction's authority to revoke parole and reincarcerate usurps the original jurisdiction of the district court. In analyzing this factor, we look to "the origins of the rights and relief, equitable or statutory, [that] an agency oversees." *Id.* at 724. Corrections officials, who are administrative rather than judicial officers, have historically administered parole in Minnesota. *See Bailey v. Gardebring,* 940 F.2d 1150, 1156 (8th Cir.1991). Therefore, parole revocation is not within the district court's original jurisdiction.

■ Second, decisions concerning parole are not inherently legal decisions. Parole is possible only after criminal prosecution and imposition of a sentence. *See Morris-*

*sey,* 408 U.S. at 480, 92 S.Ct. at 2600. And an administrative agency, rather than the court, supervises releasees. *Id.*

■ Third, adequate judicial oversight exists. Habeas corpus relief is available in the district court for review of a decision revoking an inmate's parole. *See State ex. rel. Fox v. Young,* 293 Minn. 527, 528, 199 N.W.2d 156, 156 (1972) (reviewing propriety of parole revocation in appeal from district court's denial of habeas corpus relief). And direct appeal may be made from a district court's decision on a petition for a writ of habeas corpus, as was done in this case.

Finally, Minnesota's parole system does not impinge on the judiciary's power to oversee the practice of law. In *Irwin,* the supreme court struck down a statutorily imposed limitation on attorney fees in worker's compensation cases because it impinged on the judiciary's power to oversee attorneys and attorney fees. 599 N.W.2d at 142. In *Holmberg,* the supreme court struck down an administrative scheme that enabled non-attorney child-support officers (CSOs) to draft pleadings and appear at hearings to represent the public without attorney supervision. 588 N.W.2d at 726.

Schwartz compares the functions of a supervising agent with those of a CSO. Under Minn. Rule 2940.4200 (1997), the supervising agent shall (1) give the releasee a copy of the violation report; (2) advise the releasee of the purpose of the hearing and of his or her rights with respect to the hearing; and (3) prepare a notice-of-hearing form and make and distribute copies of relevant documents in preparation for the hearing. And under Minn. Rule 2940.3900 (1997), a supervising agent shall investigate alleged violations of release and consult with his or her supervisor to determine whether grounds exist to initiate revocation proceedings. But all of these tasks are either administrative or akin to the duties of a police officer, and none involves the unauthorized practice of law.

Schwartz also argues that a non-lawyer hearing officer should not have the authority to reincarcerate a releasee. But the Supreme Court has held that a parole-revocation hearing need not be held before a judge or a legally trained officer. *Morrissey*, 408 U.S. at 488–89, 92 S.Ct. at 2603–04 (stating that the "granting and revocation of parole are matters traditionally handled by administrative officers").

In view of the *Holmberg* factors, Minnesota's parole system does not violate the separation-of-powers doctrine.

## II. No–Contact Provision

■■■ Schwartz argues that the hearing officer erroneously concluded that riding in a vehicle with a two-year-old child violated the conditions of his release. When reviewing a decision to revoke an offender's release, this court must determine whether there has been a clear abuse of discretion. *See State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980). Although this court "might reach a contrary conclusion to that arrived at by an administrative body, the court cannot substitute its judgment for that of the administrative body when the finding is properly supported by the evidence." *Vicker v. Starkey*, 265 Minn. 464, 470, 122 N.W.2d 169, 173 (1963) (citation omitted).

As a condition to his release from prison, Schwartz was to have "no direct or indirect contact with minors without [the] express prior approval of [his] supervising agent." On October 2, 1999, Schwartz's supervising agent saw him driving his car with two passengers. Schwartz's friend, C.B., was in the passenger seat holding his two-year-old child.

A hearing was held before the commissioner's representative to determine whether Schwartz violated the conditions of his release. At the hearing, Schwartz's supervising agent testified to what she witnessed. Schwartz admitted that he was in the car with the child, but argued that traveling in a car with a two-year-old child held in his father's arms was not a viola-

tion of his probation. Schwartz testified that he understood contact to mean a more significant interaction. But both Schwartz and C.B. testified that they were aware that Schwartz could have contact with children only if their parents met with the supervising agent to authorize such contact. No authorization was sought here.

■■■ Schwartz argues that the no-contact provision in his conditional-release agreement is unconstitutionally vague. Authorities charged with making parole decisions have broad discretion in determining whether to grant parole and in setting the conditions of parole. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 9–11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979). Moreover, the Supreme Court has recognized that vague terms are appropriate in the parole context. *Morrissey*, 408 U.S. at 479, 92 S.Ct. at 2599. In *Morrissey*, the Court stated that "[t]he broad discretion accorded the parole officer is * * * inherent in some of the quite vague conditions [of release], such as the typical requirement that the parolee avoid 'undesirable' associations or correspondence." *Id.*

Under the facts of this case, where Schwartz understood there was a procedure for authorizing contact with children but failed to follow that procedure, the record supports the hearing officer's decision to revoke Schwartz's conditional release.

## III. Habeas Corpus

■■■ The district court denied Schwartz's petition for a writ of habeas corpus, finding that the Department of Corrections legally detained Schwartz pursuant to its administrative authority. This court gives great weight to the district court's findings in considering a petition for a writ of habeas corpus and will uphold the findings if the evidence reasonably supports them. *Northwest v. LaFleur*, 583 N.W.2d 589, 591 (Minn.App.1998), *review denied* (Minn. Nov. 17, 1998).

Schwartz argues that he is being unlawfully detained beyond the terms of his imprisonment. Schwartz contends that the Commissioner of Corrections cannot increase the length of a defendant's sentence beyond the sentence imposed by the district court. But Minn.Stat. § 609.109, subd. 7(a) (1998), provides that

[n]otwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court sentences a person to prison for a violation of section * * * 609.343 [second-degree criminal sexual conduct], the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of section * * * 609.343, * * * the person shall be placed on conditional release for five years, minus the time the person served on supervised release.

Also, Minn.Stat. § 609.109, subd. 7(b) (1998), provides that

[i]f the offender fails to meet any condition of release, the commissioner may revoke the offender's conditional release and order that the offender serve the remaining portion of the conditional release term in prison.

Here, in December 1998, when the district court revoked Schwartz's probation, it imposed the five-year conditional-release term required by Minn.Stat. § 609.109 (1998).

Schwartz challenges the hearing officer's authority to "sentence" defendants to up to five years in prison. Schwartz contends that this practice violates the Separation of Powers provision of the Minnesota Constitution by allowing a non-lawyer hearing officer to act as a judge and impose a greater sentence, in some cases, than that imposed by the district court. But it is the court that imposes the term of conditional release at sentencing. *See* Minn.Stat. § 609.109, subd. 7(a). And once a defendant is committed to the Department of Corrections, decisions concerning revocation of a conditional release are within the department's discretion. *See* Minn.Stat. § 609.109, subd. 7(b).

## DECISION

The district court did not err in denying Schwartz's petition for postconviction relief and petition for a writ of habeas corpus.

**Affirmed.**