**STATE of Minnesota, Respondent,**

v.

**Jason DeWayne SCHWARTZ, Petitioner, Appellant.**

**No. C1–99–1946.**

Supreme Court of Minnesota.

June 28, 2001.

Yes ☐ No ☐

John E. Mack, Mack & Daby, New London, for appellant.

Michael Hatch, Atty. Gen., Alan I. Gilbert, Chief Deputy and Sol. Gen., St. Paul, Boyde Beccue, Kandiyohi County Atty., Willmar, for respondent.

## OPINION

BLATZ, Chief Justice

Appellant Jason DeWayne Schwartz appeals the district court's denial of his peti-

tions for postconviction relief and writ of habeas corpus. The district court determined that appellant failed to prove beyond a reasonable doubt that the statutes under which the Commissioner of Corrections revoked his conditional release and re-incarcerated him were unconstitutional and concluded that appellant was lawfully detained. The court of appeals affirmed. Appellant claims that Minn.Stat. § 243.05 (2000), which gives the Commissioner of Corrections authority over supervised release, and Minn.Stat. § 609.109, subd. 7 (2000), which extends that authority to the conditional release of convicted sex offenders, violate the Separation of Powers provision of the Minnesota Constitution. Appellant also challenges the "no contact with minors" condition of his release and contends that the record does not support the commissioner's determination that he violated that condition. We affirm.

On August 23, 1996, a jury convicted appellant of two counts of criminal sexual conduct in the second degree. The criminal conduct consisted of two separate incidents of sexual contact with a 4–year–old child. The district court sentenced appellant to concurrent terms of 26 months and 21 months in prison. The sentences were stayed, and appellant was placed on probation for 5 years. The conditions of his probation included a 1–year jail sentence and the requirement that he successfully complete sex offender treatment.

While on probation, appellant served time in the Kandiyohi County and Brown County jails, but was denied admittance into the recommended sex offender treatment program because he refused to admit to the acts for which he was convicted. The probation officer recommended that

the district court revoke his probation; however, the court cancelled the revocation hearing when informed that appellant planned to enroll in a second sex offender treatment program. Appellant was discharged from this program and when given a third opportunity, he again failed to complete treatment.

On December 9, 1998, the district court revoked appellant's probation and executed his concurrent sentences with 365 days of credit for jail time previously served. The court issued a Criminal Judgment and Warrant of Commitment, committing appellant to the custody of the Minnesota Commissioner of Corrections. The warrant of commitment included a 5–year conditional release term. The court of appeals affirmed the probation revocation over appellant's various constitutional arguments. *State v. Schwartz,* 598 N.W.2d 7, 10 (Minn.App.), *rev. denied* (Minn. Sept. 28, 1999). Appellant was incarcerated until May 1999, when he was released under certain conditions. Appellant was required to abide by those conditions for the duration of both his supervised release period and the 5–year conditional release period. The conditions included the provision that appellant have no direct or indirect contact with minors without the express prior approval of his supervising agent.

On or about October 2, 1999, appellant drove to a store with an adult male friend and that friend's 1–year–old child. Appellant's supervising agent saw appellant in the presence of the child and initiated release revocation proceedings. A revocation hearing was conducted before a Department of Corrections executive officer of hearings and release.[1] During the hear-

---

1. Pursuant to Minn.Stat. § 243.05, the commissioner has delegated to the position of executive officer of hearings and release the authority to grant and revoke prisoners' re-

lease status. Minn.Stat. § 243.05, subd. 4; Minn. R. 2940.0100, subp. 8 (1999). Because these corrections officers are carrying out the powers and duties of the commissioner that

ing, appellant admitted to being in the presence of the child on October 2, but denied that such contact violated his release conditions. The commissioner determined that appellant had directly violated the no contact with minors provision, revoked appellant's conditional release, and returned appellant to prison.

Appellant petitioned the district court for postconviction relief and a writ of habeas corpus. In both petitions, appellant alleged that the revocation of release process violated the separation of powers doctrine and his constitutional right to due process. Appellant further claimed in his petition for a writ of habeas corpus that the sentence imposed exceeded the statutory maximum allowed and that the terms and conditions placed on his release were unconstitutional.

After a hearing, the district court dismissed the petition for writ of habeas corpus and denied the petition for postconviction relief, concluding that appellant was legally detained pursuant to the December 9, 1998 warrant of commitment and that appellant failed to prove the alleged constitutional violations beyond a reasonable doubt. Appellant appealed the district court's decision to the court of appeals and also sought review by writ of certiorari. The court of appeals denied certiorari review, concluding that the direct appeal provided an adequate appellate remedy.

The court of appeals affirmed the district court's denial of postconviction relief and dismissal of the writ of habeas corpus, concluding that Minnesota's supervised and conditional release processes do not violate separation of powers and that the record supports the commissioner's decision to revoke appellant's conditional release. *State v. Schwartz*, 615 N.W.2d 85, 90, 91 (Minn.App.2000). The court of appeals also concluded that Schwartz was not unlawfully detained beyond the terms of his sentence. *Id.* at 91.

In this appeal, appellant again asserts that he is being unlawfully detained beyond the imprisonment term of his sentence. He specifically argues that Minn. Stat. § 243.05 and the rules promulgated thereunder, and Minn.Stat. § 609.109, subd. 7, which authorize the commissioner to administer and rescind supervised and conditional release, violate the Separation of Powers provision of the Minnesota Constitution. Appellant also argues that the no contact with minors condition is not valid or enforceable against him.

I

Appellant's constitutional challenge presents a question of law, which this court reviews de novo. *State v. Behl*, 564 N.W.2d 560, 566 (Minn.1997). In reviewing the constitutionality of a statute, every presumption is invoked in favor of upholding the statute, so that statutes will be declared unconstitutional only when absolutely necessary. *Id.* Here appellant bears the burden of establishing that the commissioner's authority over the release program is unconstitutional beyond a reasonable doubt. *Baker v. State*, 590 N.W.2d 636, 638 (Minn.1999).

Appellant challenges the broad statutory authority of the commissioner to control the release and re-incarceration of individuals, specifically as this authority is exercised over his sex offender conditional release term. Minnesota Statutes § 243.05 authorizes the commissioner to release certain persons sentenced to a state adult correctional facility and to

---

are being challenged here, we will refer generally to the actions of the officer in this case

as being the actions of the commissioner.

adopt rules setting standards and procedures for granting and revoking release. Minn.Stat. § 243.05, subds. 1, 2; *see* Minn. Stat. § 244.05, subd. 2 (2000); Minn. R. 2940.0100–.4500 (1997).

Two types of authorized release are pertinent here. Supervised release is the current term for the release practice formally known as parole. For felony offenses committed on or after August 1, 1993, a period of supervised release follows the term of imprisonment. Minn.Stat. §§ 244.01, subds. 7, 8, (2000), 244.05, subd. 1(b) (1998). The term of imprisonment is presumptively equal to two-thirds of the executed sentence, with the remaining time to be served as supervised release subject to alteration for in-prison disciplinary offenses. Minn.Stat. §§ 244.01, subd. 8, 244.05, subd. 1(b). A person on supervised release remains in the state's legal custody and is subject to re-incarceration for breach of a condition of release. Minn. Stat. §§ 243.05, subd. 1(b), 244.05, subd. 3 (2000); *State v. Meyer*, 228 Minn. 286, 301–02, 37 N.W.2d 3, 13 (1949) (noting that a person released on parole remains in the legal custody of the state). Pursuant to this statutory framework, when appellant completed his term of imprisonment in May 1999, a portion of his sentence remained to be served as supervised release.

In addition to supervised release, appellant's executed sentence included a conditional release term of 5 years, pursuant to the conditional release of sex offenders statute, Minn.Stat. § 609.109, subd. 7. The conditional release statute requires that persons convicted of specified criminal sexual conduct crimes are placed on conditional release for a 5 or 10 year period following the sentence imposed for their offense, less the time served on supervised release. Minn.Stat. § 609.109, subd. 7(a). We have repeatedly stated that conditional release is a mandatory aspect of the sentence to be imposed by the district court on statutorily designated sex offenders. *E.g., State v. Brown*, 606 N.W.2d 670, 673–74 (Minn.2000); *State v. Humes*, 581 N.W.2d 317, 319 (Minn.1998). The conditional release statute expressly states that, unless otherwise provided, the provisions relating to supervised release govern conditional release. Minn.Stat. § 609.109, subd. 7(b). Furthermore, like supervised release, if a convicted sex offender violates a condition of release, the commissioner may re-incarcerate the offender. *Id.*

Appellant contends that this statutory delegation of authority to the commissioner violates the Separation of Powers provision of the Minnesota Constitution. That provision reads:

> The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution.

Minn. Const. art. III, § 1. Specifically, appellant argues that the commissioner's authority over supervised and conditional release invades the province of the judiciary because the commissioner, a member of the executive branch, has the power to sentence appellant to a new prison term without meaningful judicial intervention. Appellant argues that this is a usurpation of a power traditionally reserved to the judicial branch.

We have stated that the legislature is vested with the "power to prescribe punishment for criminal acts" and the judiciary's role is to "impose sentences within the statutory limits prescribed by the legislature." *State v. Pflepsen*, 590 N.W.2d 759, 764 (Minn.1999). Here, the jury con-

victed appellant of two counts of criminal sexual conduct in the second degree, a violation for which Minn.Stat. § 609.109, subd. 7(a) compels a 5–year conditional release term. When appellant violated the terms of his probation, the district court included the mandatory 5–year conditional release term on the warrant of commitment executing appellant's sentence. After serving his term of imprisonment, appellant was released to serve the balance of his sentence—the term of supervised release, as well as the 5–year conditional release term—under the authority of the commissioner.

Appellant argues that the statutes at issue here are unconstitutional because, similar to the legislatively created administrative child support process that we struck down on separation of powers grounds in *Holmberg v. Holmberg,* 588 N.W.2d 720, 726 (Minn.1999), the commissioner's authority to control supervised and conditional release revocation usurps and interferes with functions of the judiciary. As illustrated in *Holmberg,* the threshold inquiry is whether there is in fact an infringement on the original jurisdiction of the courts. *Id.* at 724. Under the sentence executed by the district court, appellant was committed to the commissioner for a set period of time which included the 5–year conditional release term. The commissioner's subsequent revocation and re-incarceration decision does not alter the sentence of the court or impose a new sentence, but merely executes a condition within the parameters set by the court for appellant's commitment to the commissioner.[2] *See Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484

(1972) (stating that "the revocation of parole is not part of a criminal prosecution" and parole itself "arises after the end of the criminal prosecution, including imposition of sentence" and is supervised by an administrative agency and not by the court). Thus, revocation of release does not remove from the district court a class of cases within the court's original jurisdiction, as in *Holmberg.*

Our analysis is further informed by the recent decision of the Ohio Supreme Court upholding Ohio's post-release control statute against a separation of powers challenge. *See Woods v. Telb,* 89 Ohio St.3d 504, 733 N.E.2d 1103, 1110 (2000). In essence, the Ohio Supreme Court concluded that post-release control is part of the sentence imposed by the judiciary, and the executive branch's authority to impose sanctions during release does not impede the judiciary's sentencing authority. *Id.* The court noted that the executive branch's discretion to impose sanctions during release comports with the longstanding practice of affording the executive branch "absolute discretion" over the release portion of an offender's sentence. *Id.* at 1109. Moreover, the court stated that the post-release control sanctions are not mere punishment for another crime, but rather for behavior modification and reintegration of the offender into the community. *Id.* at 1110. For these reasons, the court held that the executive branch's discretionary power to compel post-release control sanctions does not violate separation of powers. *Id.*

We agree with this reasoning and conclude that the commissioner's statutory au-

---

2. This conclusion disposes of appellant's contention that he is being unlawfully detained beyond the term of his imprisonment because he has already served the confinement time as "sentenced" by the district court. In revoking appellant's release and returning him to

prison, the commissioner is not imposing a new sentence, but merely carrying out an aspect of the sentence under which the district court committed appellant to the commissioner's authority.

thority over supervised and conditional release operates within and does not impede the court's sentencing authority.[3] Thus, we hold that appellant has not met his burden of showing that the commissioner's statutory authority over supervised and conditional release violates separation of powers.

## II.

Appellant next challenges the conditional release condition that he have no direct or indirect contact with minors without obtaining the express prior approval of his supervising agent, arguing that the condition is unreasonable, unduly restrictive, vague, and therefore unenforceable. He further contends that, even if the condition is valid and enforceable, there is no support in the record for the commissioner's decision that appellant violated the no-contact condition.

■■■■ We first consider appellant's argument that the no-contact condition is unreasonable and unduly restrictive. We have said in the analogous context of setting probation conditions that the conditions must be reasonably related to the offense and must not unduly restrict the probationer's liberty. *State v. Friberg*, 435 N.W.2d 509, 515 (Minn.1989). Applying this same test to appellant's release conditions, the no contact with minors condition is reasonably related to Schwartz's conviction for criminal sexual conduct with a 4–year–old. In addition, we decline appellant's invitation to invalidate the no-contact provision on the basis that the term "contact" might conceivably be interpreted so broadly as to unduly restrict a releasee's liberty. A restriction on the persons with whom a probationer may associate is a traditional term of probation. *See* ABA Standards for Criminal Justice—Sentencing, Standard 18–3.13(d)(vii) (3d ed.1994). Similarly, a no contact with minors provision is reasonably related to the purpose of conditional release for appellant's offense and does not unduly restrict appellant.

■■■■ Finally, appellant argues that the commissioner's revocation decision was erroneous because appellant was not ade-

---

**3.** Appellant also argues that the release revocation process is void of meaningful judicial review. Given our conclusion that the commissioner's authority over supervised and conditional release does not encroach upon the authority of the judiciary, we need not engage in an analysis of the sufficiency of judicial review for separation of powers purposes. Nonetheless, we note that appellant challenged the commissioner's authority via a petition for a writ of habeas corpus under Minn.Stat. § 589.01 (2000), and a petition for postconviction relief under Minn.Stat. § 590.01 (1998). Each of these statutory provisions allows the district court to review the petition, hold a hearing if appropriate, and order relief. Thus, judicial review of the commissioner's decision is provided for by the availability of a hearing on the release revocation decision, where the district court determines a hearing is warranted.

Likewise, the appropriate standard of review to be applied by the district court in reviewing the commissioner's revocation decision is not before us here. Appellant does not explicitly raise the issue, aside from stating a concern that the current system deprives appellate courts of the ability to determine whether the commissioner's decision was "unreasonable, oppressive or without evidentiary support." In *State ex rel. Morrow v. LaFleur*, we suggested in dicta that deference was due the decision of the commissioner of corrections regarding whether an inmate was amenable to sex offender treatment. 590 N.W.2d 787, 792 (Minn.), *cert. denied*, 528 U.S. 1013, 120 S.Ct. 517, 145 L.Ed.2d 400 (1999). However, in *Morrow*, the inmate did not challenge the commissioner's factual determination that he was not amenable to treatment, *id.* at 792; therefore, *Morrow* does not establish a standard of review, particularly in other contexts such as supervised or conditional release revocation.

quately instructed as to the limitations of the no-contact condition. Appellant testified at his release revocation hearing that a case worker told him that contact meant something akin to starting a relationship with a minor. But appellant also admitted to knowing that, under the no-contact condition, his friends and family had to be informed about his offense and sign a waiver before appellant could obtain approval to be around their children. Hence, appellant's own testimony refutes his contention that he did not receive sufficient notice of the limits of the no-contact condition to guide his conduct around his friend and the friend's child.[4] Appellant has failed to sustain his burden of proving that the no-contact condition was unconstitutional. Furthermore, contrary to appellant's assertion, the record supports the conclusion that appellant violated the no-contact condition.[5]

Accordingly, we hold that the commissioner's statutory authority over supervised and conditional release does not violate separation of powers, that the no contact with minors condition was valid and enforceable here and that the record supports the commissioner's decision to revoke appellant's conditional release. Therefore, the district court did not err in dismissing appellant's petition for writ of habeas corpus and denying appellant's petition for postconviction relief.

Affirmed.

---

4. Citing no authority, appellant argues that the no-contact condition "violates the rule against vagueness * * * ." However, we recognize the broad discretion accorded those making release decisions, including the imposition of conditions that are somewhat indefinite. *Morrissey*, 408 U.S. at 479, 92 S.Ct. 2593 (according parole officers the discretion to impose vague parole conditions such as avoiding " 'undesirable' associations or correspondence"). Furthermore, appellant's testimony indicates that he received sufficient guidance as to the parameters of the no-contact condition. *See State v. Christie*, 506 N.W.2d 293, 301 (Minn.1993) (examining criminal statute to determine whether statute afforded fair warning of the conduct prohibited in order to survive vagueness challenge).

5. As appellant does not allege that the district court applied an incorrect standard of review of the agency decision, the correct standard of review is not before us. *See* footnote 4, *supra*. Nonetheless, given that appellant does not dispute his presence in the car with the child and admitted he knew he needed permission to be around minors, even an exacting standard of review would result in the determination that conditional release was properly revoked.