*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1388**

David Richard Carlson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 11, 2016
Affirmed
Smith, John, Judge**\*

St. Louis County District Court
File No. 69DU-CR-05-2261

David Richard Carlson, Rush City, Minnesota (pro se appellant)

Lori M. Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Gary W. Bjorklund, Assistant County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Cleary, Chief Judge; and Smith, John, Judge.

_____

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH, John**, Judge

We affirm the district court's summary denial of appellant David Carlson's petition for postconviction relief because his claims are time-barred under Minn. Stat. § 590.01, subd. 4 (2014).

**FACTS**

In March 2006, a jury convicted Carlson of first-degree criminal sexual conduct, two counts of third-degree criminal sexual conduct, and solicitation of a child to engage in sexual conduct, after he approached a 13-year-old girl in his van and forced her to engage in sexual conduct in August 2004. *State v. Carlson*, No. A06-0961, 2007 WL 1053411, at *1 (Minn. App. Apr. 10, 2007), *review denied* (Minn. June 27, 2007).

Carlson challenged his conviction in this court, which affirmed the district court. *State v. Carlson*, No. A07-2144, 2009 WL 304732 (Minn. App. Feb. 10, 2009), *review denied* (Minn. Apr. 29, 2009). In May 2009, appellant filed his first petition for postconviction relief, arguing that his right to confront the witnesses against him had been violated and that he had received ineffective assistance of trial and appellate counsel. The district court denied his petition, and this court affirmed. *Carlson v. State*, No. A09-1558 (Minn. App. Jan. 25, 2010) (order op.), *review denied* (Minn. Apr. 20, 2010).

In the years 2010 and 2011, Carlson filed multiple documents and correspondence in the district court, including another postconviction petition in December 2011, which the district court denied. *Carlson v. State*, A12-0394, 2012 WL 5476140, at *2 (Minn. App. Nov. 13, 2012), *review denied* (Minn. Jan. 15, 2013). This court affirmed, holding

2

that Carlson's claims were either time-barred or barred by operation of the rule in *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

In May 2013, Carlson filed a third petition for postconviction relief. This court affirmed the district court's denial of that petition in an unpublished opinion, concluding that Carlson's petition was again time-barred and that he did not establish any exception. *Carlson v. State*, A13-1391, 2014 WL 1272351, at *2 (Minn. App. Mar. 31, 2014), *review denied* (Minn. May 28, 2014).

Carlson continued filing documents with the district court, which denied all of Carlson's motions and petitions in an order dated June 12, 2015. The district court incorporated by reference its previous findings of fact and conclusions of law from orders responding to Carlson's previous motions. The district court held that Carlson's most recent filing did not raise a new basis for postconviction relief, the criteria of Minn. Stat. § 590.01 had not been met, and the petition was time-barred.

Following the June 12 order, Carlson filed seven new documents with the district court. Carlson also challenged the revocation of his parole.[1] In an order filed August 20, 2015, the district court denied Carlson's petitions and motions without an evidentiary hearing, again incorporating its prior orders by reference. It also concluded that the district court is not the appropriate forum for a challenge to a parole revocation, holding that

---

[1] Carlson's supervised-release status was revoked because he had "engaged in numerous contacts with a minor female, age 13." He "participated in numerous conversations with the minor, provided money and candy, and propositioned the minor to lift up her shirt on 5/24/15." These actions violated the conditions of his supervised release, which required him to refrain from direct contact with minors.

"revocation of parole is an administrative decision under the purview of the Department of Corrections." *See* Minn. Stat. § 243.05, subd. 1(b) (2014); *State v. Schwartz*, 615 N.W.2d 85, 89 (Minn. App. 2000) (concluding that "parole revocation is not within the district court's original jurisdiction"), *aff'd*, 628 N.W.2d 134 (Minn. 2001).

Carlson filed a notice of appeal from the June 12 order. He also raises the issue of his supervised-release revocation, which was only considered in the order filed on August 20.

## D E C I S I O N

### I. Postconviction Claims

"A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts [that] warrant a reopening of the case." *State v. Rainer*, 502 N.W.2d 784, 787 (Minn. 1993). Denial of a petition without a hearing is appropriate if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). We review a district court's denial of a postconviction petition for an abuse of discretion. *Lee v. State*, 717 N.W.2d 896, 897 (Minn. 2006). Ordinarily, a postconviction petition must be filed within two years of the disposition of a direct appeal. Minn. Stat. § 590.01, subd. 4. A conviction becomes final when the time for petitioning the United States Supreme Court for review expires. *Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010). Carlson's time to petition for review expired on July 29, 2009. *Carlson*, 2014 WL 1272351, at *1. Because the present petition was filed after that deadline, it must meet one of the exceptions found in Minn. Stat. § 590.01, subd. 4(b).

4

In addition, claims that were raised or could have been raised in a prior postconviction petition will not be considered in a subsequent petition for postconviction relief. *Lussier v. State*, 853 N.W.2d 149, 152 (Minn. 2014); *see Jones v. State*, 671 N.W.2d 743, 746 (Minn. 2003) (extending rule of *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741, to subsequent postconviction petitions).

The state urges us to dismiss Carlson's appeal as untimely. *See* Minn. Stat. § 590.06 (2014) (requiring that an appeal from an order denying relief must be filed within sixty days of the date of the order). Carlson did not file a notice of appeal until August 19, 2015, from an order that was filed on June 12. Carlson could have established good cause for an extension but did not attempt to do so. *See* Minn. R. Crim. P. 28.02, subd. 4 (3) (g) ("For good cause, the district court or a judge of the Court of Appeals may, before or after the time for appeal has expired, with or without motion and notice, extend the time for filing a notice of appeal up to 30 days from the expiration of the time prescribed by these rules."). We note, however, that the state did not file a motion to dismiss or otherwise raise jurisdictional concerns until briefing, which would have prompted Carlson to demonstrate good cause.

Even assuming Carlson's appeal is timely filed, he is not entitled to relief because his claims are time- and *Knaffla*-barred. Carlson argues that the *Knaffla* bar does not apply because he presents a novel legal issue and the interests of justice require this court to consider his claims. *See Buckingham v. State*, 799 N.W.2d 229, 231 (Minn. 2011) (noting exceptions to the *Knaffla* bar). He does not expressly address the exceptions to the time limit in Minn. Stat. § 590.01, subd. 4.

5

To support his argument for both exceptions to the *Knaffla* rule, Carlson cites *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), and the Bible for the proposition that "one witness is not enough to convict," but a "matter must be established by testimony of two or three witnesses." This reading of *Crawford* is contrary to settled caselaw holding that "a conviction can rest on the uncorroborated testimony of a single credible witness." *State v. Foreman*, 680 N.W.2d 536, 539 (Minn. 2004) (quotation omitted). Accordingly, Carlson does not present a novel legal issue.

Carlson also notes some concerns regarding hearsay, *Spreigl* evidence, ineffective assistance of counsel, and sufficiency of the evidence, but this court has already found that these arguments are *Knaffla*-barred. *Carlson*, 2014 WL 1272351, at *2; *Carlson*, 2012 WL 5476140, at *4. He has not raised any other novel legal issues or identified any other reason that his claims must be heard in the interests of justice. In addition, he does not appear to address the statutory time limits in Minn. Stat. § 590.04, subd. 4. Because appellant's arguments are without merit, the district court did not abuse its discretion by finding that no statutory exception to the filing deadline applied. And, because "the petition and the files and records of the proceeding conclusively show[ed] that the petitioner [was] entitled to no relief," Minn. Stat. § 590.04, subd. 1, the district court did not abuse its discretion by summarily denying appellant's petition.

## II. Supervised-Release Revocation

Carlson also challenges the Minnesota Department of Corrections's decision to revoke his supervised-release status, an issue that the state argues may not properly be raised before this court on appeal. We acknowledge that Carlson's revocation challenge

6

was not considered by the district court in its June 15 order, from which he appeals, because his supervised-release status was not revoked until June 23. The district court did, however, consider and reject Carlson's revocation challenge in its subsequent August 20 order, which was filed after Carlson's notice of appeal.

Appellate courts typically do not consider matters not argued to and considered by the district court, *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996), but there are exceptions. In criminal cases, this court "may review any order or ruling of the district court or any other matter, as the interests of justice require." Minn. R. Crim. P. 28.02, subd. 11. Appellate courts have also considered new arguments in pro se briefs in criminal cases. *See, e.g.*, *Dale v. State*, 535 N.W.2d 619, 624 (Minn. 1995). Here, Carlson is a pro se criminal appellant, and the time for appeal from the August 20 order has passed.

Even assuming Carlson's revocation challenge has been properly appealed, however, his challenge is unavailing. It is settled law that the district court is not the proper forum to challenge the revocation of Carlson's supervised-release status because it is an administrative decision under the purview of the Minnesota Department of Corrections. *See Schwartz*, 615 N.W.2d at 89. This court has found that parole revocation is not within the district court's original jurisdiction and that "[h]abeas corpus relief is available in the district court for review of a decision revoking an inmate's parole." *Id.* Accordingly, Carlson is not entitled to relief on these grounds.

**Affirmed.**